UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------

JOHNNY MCMILLIAN,

        Plaintiff,

    v.

NORTH CORE STUDIOS, HOUSING MANAGER
MR. KEYS, NEW YORK CITY POLICE
DEPARTMENT, the CIVILIAN COMPLAINT
REVIEW BOARD and the CITY OF NEW YORK,

        Defendants.

----------------------------------------------------------------

**MEMORANDUM & ORDER**
16-CV-5002 (MKB)

MARGO K.BRODIE, United States District Judge:

Plaintiff Johnny McMillian, proceeding *pro se*, filed the above-captioned action pursuant

to 42 U.S.C. § 1983 on September 6, 2016, alleging that officers from the New York Police

Department ("NYPD") entered his residence without probable cause or a search warrant.

(Compl. 5, Docket Entry No. 1.)[1]  Plaintiff filed an Amended Complaint and an application to

proceed *in forma pauperis* on September 20, 2016.  (Am. Compl., Docket Entry No. 6.)  On

September 23, 2016 and October 20, 2016, Plaintiff filed two additional amended complaints,

each bearing the above docket number but naming different defendants and raising somewhat

different claims.[2]  (Second Am. Compl. ("SAC"), Docket Entry No. 8; Third Am. Compl.

---

  [1]  Because the complaints are not consecutively paginated, the Court refers to the page
numbers assigned by the electronic document filing system.

  [2]  Plaintiff first brought suit against the Brooklyn North Task Force, North Core
Association, the NYPD and the City of New York.  (Compl. 7.)  In the Amended Complaint,
Plaintiff named the 75th Precinct, the Brooklyn North Task Force, "NYPD Police Headquarters"
and the City of New York.  (Am. Compl. 2–3.)  In the Second Amended Complaint, Plaintiff
named North Core Studios, Housing Manager Mr. Keys, an officer with the shield number 9283
and the City of New York.  (Second Am. Compl. ("SAC") 3–5.)

("TAC"), Docket Entry No. 10.) Plaintiff's application to proceed *in forma pauperis* is granted. All three complaints are dismissed, and Plaintiff is granted leave to submit a fourth amended complaint within thirty (30) days of the date of this Memorandum and Order.

## I. Background

The Third Amended Complaint names as Defendants North Core Studios, the Civilian Complaint Review Board (the "CCRB"), the NYPD, "Housing Manager Mr. Keys," and the City of New York. (TAC 2.) Plaintiff alleges that officers of the NYPD entered his residence on July 9, 2016 without probable cause or "a produced search warrant" and that "[t]he Housing Manager fabricated false information about [Plaintiff]." (*Id.*) The original Complaint alleged that NYPD officers entered Plaintiff's residence on July 9, 2016, destroyed his personal property, handcuffed him and planted evidence in his apartment. (Compl. 4.) In the Amended Complaint, Plaintiff alleged that he and his girlfriend were inside an apartment at 2324 Pitkin Avenue in Brooklyn when members of the NYPD and the "Brooklyn North Task Force" entered his residence. (Am. Compl. 4.) Plaintiff requested to see a search warrant, but he was ignored. (*Id.* at 4–5.) Plaintiff states that he was "abused and mistreated by all members that were present at the time of the illegal entry," and that the officers "grab[bed him] by [his] throat[,] choke slammed [him] to the ground . . . kicked, punched[,] cursed at and spit in the face" of Plaintiff and his girlfriend. (*Id.*) Plaintiff alleges that the officers destroyed his personal property and, after not finding anything, "the supervisor told two of the officers to get the black bag out of the van and bring it up." (*Id.* at 5.) The officers then emptied the contents of the bag, which appeared to be drugs and tools. (*Id.*) Plaintiff states that the supervising officer told him that "they were going to put the blame on [his] girlfriend [because] she had a record." (*Id.*)

The Third Amended Complaint requests that the Court "order[] Housing Manager Mr.

Keys to accept all rent payments and withdraw from all illegal eviction proceedings." (TAC 4.)

Plaintiff requests a new CCRB appointment time to be noticed by certified mail because

Plaintiff's mail "has been being [sic] tampered with by North Core Studios." (*Id.*) Finally,

Plaintiff seeks 500 million dollars in damages. (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir.

2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained

in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*,

556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's

pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S.

97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after

*Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court

determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff fails to state a claim under Section 1983

Construing Plaintiff's claims liberally, he alleges an action for false arrest, use of

3

excessive force and unlawful search or seizure, all of which are cognizable under Section 1983.

However, in order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49– 50 (1999) ("[T]he undercolor-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972). Thus, a claim for relief pursuant to Section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

In addition, a plaintiff bringing a Section 1983 claim must show that each of the named individuals is personally liable for the alleged harm. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). "Because vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A municipality, like the City of New York, can be liable under Section 1983 only if a Plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). In general, proof of a single incident of

unconstitutional activity is not sufficient to impose liability on a municipality unless a plaintiff can establish that the incident occurred pursuant to one of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick v. Erie Cty. Water Auth.,* 757 F.3d 31, 62 (2d Cir. 2014) (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).

Here, Plaintiff names as defendants the City of New York and its agencies, the CCRB and the NYPD, but does not allege any unconstitutional policy or custom that would confer municipal liability. Plaintiff also names as defendants his building manager, Mr. Keys, and North Core Studios, neither of whom is alleged to be a state actor subject to suit under Section 1983. In addition, Plaintiff does not allege that North Core Studios acted to deprive him of his constitutional rights, as is required under Section 1983. Accordingly, the Third Amended Complaint is dismissed in its entirety for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file a fourth amended complaint within thirty (30) days of this Memorandum and Order, in order to

5

identify the **individuals** whom he believes are responsible for the alleged deprivation of his constitutional rights. If Plaintiff does not know the names and badge numbers of the arresting officers, he may identify each of them as John Doe Police Officer #1, #2, and so forth, along with any physical description and place of employment, if known. Plaintiff must provide the date and location for all relevant events and a brief description of what each defendant did or failed to do in violation of Plaintiff's civil rights. Plaintiff is reminded that any amended complaint completely replaces all previous complaints filed in this action, so he must succinctly state, in the new amended complaint, all of his claims against each of the defendants whom he believes directly violated his rights.

**III. Conclusion**

The Third Amended Complaint is dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court grants Plaintiff leave to file a fourth amended complaint within thirty (30) days of the date of this Memorandum and Order. The submission must be captioned "Fourth Amended Complaint" and bear the same docket number as this Memorandum and Order. If Plaintiff fails to file a fourth amended complaint

within thirty days, the action will be dismissed.  No summonses shall issue at this time, and all further proceedings shall be stayed for thirty (30) days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated:  February 1, 2017
   Brooklyn, New York